PEOPLE v VON GETHICKER (AFTER REMAND)

Docket No. 119903. Submitted May 7, 1991, at Detroit. Decided June 18, 1991, at 9:45 A.M.

> Kathryn Von Gethicker pleaded guilty in the Genesee Circuit Court, Judith A. Fullerton, J., of delivery of 50 or more but less than 225 grams of cocaine and was sentenced to five to twenty years' imprisonment. The defendant appealed and moved for remand for an evidentiary hearing of her claim of ineffective assistance of counsel. The Court of Appeals, SHEPHERD, P.J., and CYNAR and CAVANAGH, JJ., retaining jurisdiction, granted the motion. On remand, the defendant moved for withdrawal of her plea or resentencing, arguing that her counsel had been ineffective by failing to place on the record of the plea proceeding the prosecutor's agreement to recommend a sentence of lifetime probation. The trial court denied the defendant's motions.

> After remand, the Court of Appeals *held:*

> Where a defendant pleads guilty pursuant to a plea agreement, the trial court must ask the prosecutor or the defendant's attorney what the terms of the agreement are and confirm those terms with the other attorney and the defendant, MCR 6.101(F)(2) (now MCR 6.302[C][2]), and where a trial court declines to abide by the terms of a sentence recommendation by the prosecutor, the trial court must explain to the defendant why the recommendation was not accepted and state the sentence that it believes to be appropriate. The trial court must thereafter allow the defendant an opportunity to affirm or withdraw the guilty plea.

> In this case, because defense counsel failed to place the sentence agreement on the record, the prosecutor did not make the recommendation agreed upon, the trial court did not follow the procedure for rejecting a recommendation, and the defendant was denied an opportunity to withdraw her plea. Remand is required so that the prosecutor can make the recommendation on the record and the trial court can accept or reject the recommendation in accordance with the proper procedure.

> Sentence vacated and case remanded.

*Frank J. Kelley,* Attorney General, *Gay Secor*

*Hardy,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *G. L. Ghristopherson,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Anne Yantus*), for the defendant.

AFTER REMAND

Before: REILLY, P.J., and GILLIS and MICHAEL J. KELLY, JJ.

PER CURIAM. Defendant pleaded guilty of delivery of 50 or more but less than 225 grams of cocaine. MCL 333.7401(1) and (2)(a)(iii); MSA 14.15(7401)(1) and (2)(a)(iii). Defendant was sentenced to five to twenty years' imprisonment. Defendant appealed as of right. This Court granted defendant's motion for a remand for an evidentiary hearing on her claim of ineffective assistance of counsel. Defendant subsequently filed a motion to withdraw her plea and a motion for resentencing. The circuit court denied defendant's motion and the case is now back before us. We set aside defendant's sentence and remand for further proceedings consistent with this opinion.

Defendant first claims that counsel was ineffective in failing to place on the record an agreement by the prosecutor to recommend lifetime probation as a sentence.

Defense counsel testified that there was "an informal agreement" that the prosecutor would recommend that defendant receive lifetime probation. Defense counsel admitted that he told defendant that the prosecutor would recommend a sentence of lifetime probation, which the judge was not bound to follow. Defense counsel also told

defendant that she could withdraw her plea if the judge did not sentence her to lifetime probation.

Defense counsel testified that after the probation report came back recommending incarceration, he told defendant that he would move to withdraw her guilty plea given that there was no basis for the prosecutor to recommend lifetime probation. Defense counsel claimed that defendant told him that she would take her chances.

The prosecutor testified that he agreed to recommend to the judge that defendant be sentenced to lifetime probation. This agreement was not made part of the record. Apparently at the time the plea was accepted, the prosecutor told the judge, off the record, that lifetime probation should be considered. The judge stated that she would not bind herself.

Defendant testified that she would not have pleaded guilty if she did not believe that she was going to receive lifetime probation. The transcript of the plea-taking proceeding shows that the agreement was that defendant would plead guilty to one charge and that a charge of conspiracy to deliver 50 or more but less than 225 grams of cocaine would be dismissed. Defendant stated that no other promises had been made. Moreover, the judge noted that she had not agreed to any sentence. Defendant stated that she did not object at the time that the plea was entered because her attorney advised her to keep her answers short and because she believed that the matter had been taken care of. Defendant claimed that she had been told that she would receive lifetime probation, but, given the probation department's policies, she would effectively be on probation for six years. Defendant denied that defense counsel had told her that the lifetime probation recommendation was informal and was something that would

not be put on the record. Defendant noted that, in any event, she would not have known the difference between an informal and a formal agreement.

The circuit court held that while the prosecutor may have made a recommendation, it had indicated that it was not bound thereby. The court then noted that defendant had told defense counsel that she did not want to withdraw her plea and would take her chances. Hence, the court concluded that counsel was not ineffective.

We note that MCR 6.101(F)(2), now MCR 6.302(C)(2), stated that if there is a plea agreement, the court shall ask the prosecutor or the defendant's attorney what the terms of the agreement are and shall confirm the terms of the agreement with the other attorney and the defendant. We fail to see any provision for so-called "informal agreements," where off-the-record discussions are to be held between the prosecutor and the judge.

In *People v Killebrew,* 416 Mich 189; 330 NW2d 834 (1982), our Supreme Court held that where a court declines to abide by the terms of a sentence recommendation, it must explain to the defendant why the recommendation was not accepted and state the sentence that it believes to be appropriate. *Id.* at 209. Thereafter, the court must allow the defendant an opportunity to affirm or withdraw his guilty plea. *Id.* at 210.

In this case, counsel failed to place the agreement concerning the sentencing recommendation on the record. Consequently, the prosecutor was not required to make the recommendation at sentencing, and defendant was denied an opportunity to withdraw her guilty plea when the court did not follow the recommendation. The circuit court apparently believed that defendant's indication to defense counsel that she would take her chances was the equivalent of defendant affirming her

plea. We disagree. At the time that conversation occurred, defendant did not know whether the recommendation would be made and whether the court would impose a sentence other than lifetime probation. Hence, we hold that counsel was ineffective for failing to place the entire agreement on the record and that defendant was prejudiced because the prosecutor failed to make the recommendation on the record at sentencing and, therefore, the court failed to comply with *Killebrew.* Consequently, we set aside defendant's sentence and remand for further proceedings so that the prosecutor may place the recommendation on the record and the court may comply with *Killebrew.*

Defendant's sentence is set aside and this case is remanded for further proceedings consistent with this opinion. We retain no further jurisdiction.